# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17 C 7012 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| PIERRE HENDERSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Pierre Henderson's pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motion for discovery, which are denied for the reasons explained below.

## BACKGROUND

On June 11, 2013, a grand jury returned a superseding indictment charging Pierre Henderson with one count of conspiracy to possess heroin with intent to distribute and four counts of distribution of heroin. On December 9, 2014, Henderson pleaded guilty to the conspiracy charge. On May 27, 2015, the Court sentenced Henderson to 240 months' imprisonment. Henderson's counsel filed an appeal, which was voluntarily dismissed a few months later. Several months later, Henderson filed another appeal, this time pro se, which the Court of Appeals dismissed as untimely. Thereafter, Henderson filed a pro se motion to reinstate the first appeal, which was granted. The Court of Appeals appointed new counsel. The appeal was voluntarily dismissed a few months later, on September 29, 2016.

On September 28, 2017, Henderson filed a timely § 2255 petition, in which he raises three grounds for relief. Grounds One and Two are claims that trial counsel was ineffective in plea

negotiations and in failing to obtain a sentence reduction for Henderson. In Ground Three, Henderson contends that he was not part of a drug conspiracy and is actually innocent of that crime.

**DISCUSSION**

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States, was imposed by a court that lacked jurisdiction, was greater than the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Relief under § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (§ 2255 relief "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process"). The Court liberally construes Henderson's pro se filings. *See Echols v. Craig*, 855 F.3d 807, 812 (7th Cir. 2017). The two-part *Strickland v. Washington* test applies to the ineffective-assistance claims. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017). Under *Strickland*, Henderson must show that (1) counsel performed deficiently and (2) Henderson was prejudiced as a result. *Long*, 847 F.3d at 920.

In Ground One, Henderson claims that counsel "agreed with the Government to unverifiable drug quantities which were not proven factually," and that while petitioner wanted to proceed to trial, counsel advised him to plead guilty because it was the "best [counsel] could do." (ECF No. 1, § 2255 Pet. at 5-6.) In his reply briefs, Henderson ratchets up this claim, stating that counsel "coerced" him to plead guilty. (ECF No. 12, Objs. at 6; ECF No. 14, Reply at 2.) Henderson also states that he would have gone to trial had counsel not "persuaded" him to plead guilty, and he

2

argues that while he did sell drugs, he was "independent" and not part of a conspiracy. (Reply at 3; Objs. at 2.) Henderson's theory appears to be that had he gone to trial, he may have been convicted of distribution, but not conspiracy, and not for the amounts of heroin he admitted in his plea to having caused to be distributed. In Ground Two, Henderson claims that although he provided useful information to the government, counsel failed to "secure" a sentence reduction for him based on substantial assistance, or failed to "compel" the government to move for a reduction. (*Id.* at 6; ECF No. 13 at 1.) In a filing submitted in conjunction with his reply brief,[1] Henderson states that prior to his entering into the plea agreement, counsel told him that if he pleaded guilty, the government would "file a motion which is called 35b in regards to a sentence reduction."[2] (ECF No. 13 at 5.) Henderson argues in Ground Three that he is actually innocent of conspiring to distribute heroin because he "was not in a conspiracy to sell drugs and only sold [his] own," which

---

[1]Although this filing is titled "Petitioner's Affidavit in Support of Ground Two Relief," it is simply an unsworn written statement. Although petitioner signed the document on the signature line under his closing, he failed to sign the document on the separate signature line directly underneath, which appears after a declaration under penalty of perjury. Moreover, the unsigned declaration does not comport with 28 U.S.C. § 1746. It has a qualifier: "I declare under the penalty of perjury . . . that this information is true and correct *to the best of my memory of the events which took place*." (ECF No. 13 at 6 (emphasis added).)

[2]In his reply "objections," Henderson raises additional ineffective-assistance claims. He contends in conclusory fashion that counsel "should have requested a downward departure during sentencing," "should have challenged the drug quantity," "could have argued . . . [relevant] conduct" and "sought a plea with a range of 51-63 months"; "could have argued against using a state prior drug conviction"; "should also have challenged the statements that were made against me"; and "did not investigate the allegations." (ECF No. 12 at 5-6.) These arguments are waived for two reasons: they were not presented in the initial motion and they are not developed. *See, e.g., United States v. Kennedy*, 726 F.3d 968, 974 n.3 (7th Cir. 2013) (arguments raised for the first time in a reply brief are waived); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (perfunctory arguments are waived); *see also Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (petitioner who alleges that counsel was ineffective for failing to investigate has the burden of providing the court with sufficiently-detailed exculpatory facts that the investigation would have revealed).

constituted less than 100 grams. (*Id.*)

These claims are belied by Henderson's plea agreement and his statements during the plea colloquy, which were made under oath. In the agreement and during the colloquy, Henderson admitted that he conspired with others (including his brother) in operating, from 2008 to 2012, a heroin-trafficking organization on the west side of Chicago; he took calls from customers; he employed and directed co-conspirator drug runners; he operated stash houses at a co-conspirator's apartments; and on occasion he met with customers personally to complete narcotics transactions. (13 CR 405, ECF No. 323, Plea Agreement at 2-6; ECF No. 456, Plea Hr'g Tr. at 15-18.) He also unequivocally agreed that he caused at least 30, but less than 90, kilograms of heroin to be distributed for the drug-trafficking organization. (Plea Agreement at 6; Plea Hr'g Tr. at 18.) Henderson's assertions that counsel coerced him to plead guilty and made the false promise of a forthcoming motion by the government for a sentence reduction are contradicted by Henderson's unequivocal statements during his plea colloquy that he was fully satisfied with counsel's advice and representation; the plea agreement represented the entire understanding and agreement he had with the government; no one had told him that there would be any benefits to him from pleading guilty that were not contained in the plea agreement; no one had threatened or attempted to force him to plead guilty; and he was pleading guilty of his own free will. (Plea Hr'g Tr. at 7-9.) Henderson does not provide any reason why the Court should ignore his prior sworn testimony, and the Court credits Henderson's sworn statements in open court over his current unsworn statements.[3] Accordingly, Henderson's claims do not entitle him to relief or warrant an evidentiary hearing or discovery. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) ("Entry of a plea is not

---

[3]Even if Henderson's current statements were sworn, the Court would credit his sworn statements in open court during his plea colloquy.

4

some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over."); *Franklin v. United States*, 357 F. App'x 724, 725 (7th Cir. 2009) ("Franklin asserts on appeal that he would have insisted on proceeding to trial had counsel not deceived him into accepting a plea agreement. But during the plea colloquy, Franklin swore to the district court that, aside from the terms embodied in the plea agreement, he had been promised nothing to cajole his admission of guilt. If counsel's supposed pledge to deliver a light sentence had been the decisive factor in Franklin's decision to plead guilty, then the plea colloquy would have been the opportune time to raise the issue.") (internal quotation marks omitted); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.").

Henderson also cannot establish prejudice. In the context of a guilty plea, *Strickland*'s prejudice prong addresses whether counsel's deficiency was "the decisive factor in a defendant's decision to plead guilty." *Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). A "mere allegation" that, but for counsel's advice, the petitioner would not have pleaded guilty, will not do; there must be objective evidence of a reasonable probability that he would have gone to trial. *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005). Henderson fails to present any evidence of a reasonable probability that he would have taken that step, or any evidence suggesting how he was prejudiced by counsel's performance, considering the evidence against him and the sentence he received when compared with what he faced.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court declines to issue a certificate of appealability. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citation and internal quotation marks omitted). Henderson's claims do not satisfy this standard.

## CONCLUSION

Pierre Henderson's petition to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 [1] is denied. Petitioner's motion for discovery [20] is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

**DATE**: September 17, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**